**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**



FILED

JAN 2 9 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

ROBERT R. TALLEY,

     Plaintiff,

v.                                   Civil Action No. 2:07-0067

                                              # 19949

CAPLAN INDUSTRIES, INC.,
D.B.A. TASK TOOLS & ABRASIVES,

     Defendant.

## NOTICE OF REMOVAL

Defendant, Caplan Industries, Inc., d.b.a. Task Tools & Abrasives ("Task Tools"), by counsel, notifies this Court of the removal of this civil action from the Circuit Court of Putnam County, West Virginia (Civil Action No. 07-C-1), to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. § 1441, *et seq.* The removal of this civil action is based of the following grounds:

1.     On or about January 2, 2007, Robert R. Talley filed a Complaint in the Circuit Court of Putnam County, West Virginia, Civil Action No. 07-C-1 ("Putnam County Action"), naming Task Tools as Defendant.  A true and accurate copy of the Summons and Complaint, which constitute the only pleadings or orders filed in the Putnam County Action, are attached as Exhibits A and B respectively.

2.     Mr. Talley asserts five causes of action against Task Tools.  He alleges:  (a) Task Tools fraudulently induced him to accept an offer of employment; (b) Task Tools wrongfully terminated his employment in violation of the West Virginia Human Rights Act, West Virginia Code § 5-11-1, *et seq.*; (c) Task Tools violated a West Virginia public policy by terminating his

employment; (d) Task Tools was unjustly enriched at his expense; and (e) Task Tools' conduct was outrageous. (Ex. B, Complaint).

3.      Removal is proper in this case based on diversity jurisdiction. This Court has original jurisdiction under 28 U.S.C. § 1332 in that:  (1) the amount in controversy exceeds $75,000, exclusive of interest and costs and (2) Plaintiff is diverse in citizenship from Defendant. For these reasons, removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

        A.      *Citizenship of the Parties*:  Task Tools is a Canadian corporation doing business in Putnam County, West Virginia, with its principal place of business located in Delta, British Columbia, Canada.  Based upon the allegations in the Complaint, Mr. Talley was a resident and citizen of Putnam County, West Virginia, at the time he filed this civil action. (Ex. B, Complaint, ¶ 1).  There is, therefore, diversity of citizenship.

        B.      *Amount in Controversy*:  While Mr. Talley's Complaint does not contain a demand for a specific monetary award, the amount in controversy easily exceeds $75,000. Mr. Talley states in his Complaint that he is entitled to, among other things, the following damages:  (a) damages as a result of Task Tools "abscond[ing] with his vast knowledge, expertise and contacts" about his former job territory (Ex. B, Complaint, ¶ 10); (b) damages as the result of his wrongful termination in violation of the West Virginia Human Rights Act (Id., ¶ 18); (c) damages for unjust enrichment as the result of Task Tools receiving "a windfall at the expense of [Mr. Talley] for the retention of his vast knowledge, experience, and contacts . . ." (Id., ¶ 23); and (d) damages for causing Mr. Talley "aggravation [and] inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror, humiliation, shame, and worry." (Id., ¶ 29).  Mr. Talley also seeks attorneys' fees and punitive damages. (Id., p. 7).

All of these requests for damages must be considered by the Court in its analysis of the amount in controversy. Punitive damages are a possible remedy for plaintiffs who prove discriminatory discharge under the West Virginia Human Rights Act. Haynes v. Rhone-Poulenc, Inc, 521 S.E.2d 331, 344-46 (W. Va. 1999). Moreover, when punitive damages are properly recoverable, this Court has found that a request for punitive damages "inevitably inflates a plaintiff's potential recovery." Hicks v. Herbert, 122 F. Supp.2d 699, 701 (S.D. W. Va. 2000) (Haden, C.J.); see also Vosburgh, III v. Indem. Ins. Co. of N.A., 217 F.R.D. 384, 387 (S.D. W. Va. 2003) ("claims seeking punitive damages, if successful, often result in a greater jury verdict that would well surpass the minimum jurisdictional requirement to survive a motion for remand . . ."). In addition, attorneys' fees are also recoverable under the Human Rights Act and must be considered as part of the amount in controversy. Dunlap v. Green Tree Serv., LLC, 2005 WL 3177881 (S.D. W. Va. Nov. 28, 2005) (attorneys' fees must be considered part of amount in controversy "where a statute mandates or allows the payment of such fees"); W. Va. Code § 5-11-13(c) (attorneys fees are available under the West Virginia Human Rights Act).

Mr. Talley seeks significant compensation of an unspecified amount for the alleged theft of "vast knowledge, expertise, and contacts" as well as recovery for, *inter alia*, emotional distress, depression, embarrassment, humiliation, and horror. These allegations and requests for relief, when factoring in the availability of both punitive damages and attorneys' fees, may exceed the statutory minimum amount in controversy of $75,000.

C.    *Timing of Removal*: The West Virginia Secretary of State, Task Tools' statutory attorney-in-fact to accept service of process, accepted service of process of Mr. Talley's Summons and Complaint in the Putnam County Action on behalf of Task Tools on or about January 2, 2007. A copy of the Legal Notice received from the West Virginia Secretary of State

is attached as Exhibit C.  This Notice of Removal is filed less than 30 days after service of the Summons and Complaint on Defendant and is timely pursuant to 28 U.S.C. § 1446(b).

4.      Pursuant to Local Rule of Civil Procedure 77.2, this Court is the District Court embracing Putnam County, West Virginia, where the Civil Action is currently pending.

5.      True and correct copies of this Notice of Removal with accompanying exhibits and a Notice of Filing of Notice of Removal directed to the Circuit Court of Putnam County are being served upon Mr. Talley's counsel and filed with the Circuit Clerk of Putnam County, West Virginia, in accordance with the provisions of 28 U.S.C. § 1446(d).  The Notice of Filing of Notice of Removal is attached as Exhibit D.

6.      In Compliance with 28 U.S.C. § 1446(a) and Local Rule of Civil Procedure 3.4, copies of pleadings, orders, other relevant papers, and a certified copy of the Circuit Court docket sheet and case file are attached as Exhibits A, B, C, D, and E.

WHEREFORE, Task Tools files this Notice of Removal so that the entire state-court action under Civil Action No. 07-C-1 now pending in the Circuit Court of Putnam County, West Virginia shall be removed to this Court for all further proceedings.

> **CAPLAN INDUSTRIES, INC.**
> **D.B.A. TASK TOOLS & ABRASIVES.**
> By SPILMAN THOMAS & BATTLE, PLLC
>
>
> _____
> Eric W. Iskra (WV State Bar # 6611)
> Rodney A. Smith (WV State Bar #9750)
> 300 Kanawha Boulevard, East (Zip 25301)
> P.O. Box 273
> Charleston, WV  25321-0273
> (304) 340-3800
> eiskra@spilmanlaw.com

# SUMMONS

## IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

**Robert R. Talley,**

        Plaintiff,

v.

        Civil Action No: _07 - C - 1_

        Judge: _Caglioski_

**Caplan Industries, Inc.,**
**d.b.a. Task Tools & Abrasives**

        Defendant.

To the above-named defendant:

**Craig Caplan**
**Caplan Industries, Inc.,**
**d.b.a. Tools Tasks & Abrasives**
**6800 Dennett Place**
**Delta, British Columbia Canada V4G-1N4**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **DAVID R. BARNEY, JR.**, plaintiff's attorney, whose address is **31 East Second Avenue, Williamson, West Virginia 25661**, an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within **thirty (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED: _1 - 2 - 07_

_Donald A. Wright_ ew
Clerk of Court


DEFENDANT'S EXHIBIT A

## CIVIL CASE INFORMATION SHEET

| | |
|---|---|
| **PLAINTIFF: Robert R. Talley**<br>**DEFENDANTS: Caplan Industries, Inc., d.b.a. Task Tools &**<br>**Abrasives,** | **CASE NUMBER:**<br>07-C-1 |

## II.  TYPE OF CASE:

| TORTS | OTHER   CIVIL | |
|---|---|---|
| Asbestos | Adoption | Appeal from Magistrate Court |
| Professional Malpractice | Contract | Petition for Modification of Magistrate Sentence |
| **Personal Injury X** | Real Property | **Miscellaneous Civil** |
| Product Liability | Mental Health | Subrogation |
| **Other Tort: X** | Appeal of Administrative Agency | Class Action<br>Medical Monitoring |

III.    JURY DEMAND:  **Yes**    No

CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR):* **August 2007**

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?  YES      NO
IF YES, PLEASE SPECIFY:

    Wheelchair accessible hearing room and other facilities
    Interpreter or other auxiliary aid for the hearing impaired
    Reader or other auxiliary aid for the visually impaired
    Spokesperson or other auxiliary aid for the speech impaired
    Other: _____

*Attorney Name:* David R. Barney, Jr.
*Firm:*        Thompson Barney
*Address:*     31 East Second Avenue
               Williamson, West Virginia 25661
*Telephone:*   (304) 235-4006

*Representing:*
Plaintiff

*Dated:* 1/2/07

David R. Barney, Jr.
W.Va. State Bar No. 7958

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of **Putnam** County, West Virginia

**Robert R. Talley,**

                    Plaintiff,

v.

**Caplan Industries, Inc.,**
**d.b.a. Task Tools & Abrasives,**

                    Defendant.

Civil Action No: 07 - C -1

Judge *Cagloski*

| Days to Answer | Type of Service |
|---|---|
| **30** | **Sec. of State** |

Please issue summons in the above-styled action as indicated
Original and 2 copies of complaint furnished herewith.

David R. Barney, Jr. (W.Va. Bar No.7958)
**Thompson Barney**
**31 East Second Avenue**
**Williamson, West Virginia 25661**
**Telephone: 304.235.4006**
**Facsimile: 304.235.4009**

Date: 1/2/2007

2007 JAN -2 AM 11: 42
FILED
DONALD L. WRIGHT, CLERK
PUTNAM CO. CIRCUIT COURT

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ROBERT R. TALLEY,

       Plaintiff,

vs.

          Civil Action No. _07-C-1_____

          Judge _Eagloski_____

CAPLAN INDUSTRIES, INC.,
d.b.a TASK TOOLS & ABRASIVES,

       Defendant.

## COMPLAINT

**COMES NOW** Plaintiff Robert R. Talley, by counsel, David R. Barney, Jr., hereby asserting his Complaint for damages against Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives. In support thereof, Plaintiff Robert R. Talley states as follows:

    1.    At all relevant times hereto, Plaintiff Robert R. Talley was and is a resident of Putnam County, West Virginia.

    2.    At all relevant times hereto, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives was and is a Canadian corporation doing business in Putnam County, West Virginia.



3.     On or about October 3, 2005, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives hired Plaintiff Robert R. Talley as a Territory Manager for an area covering Southwestern Pennsylvania, West Virginia and Southeastern Ohio.

4.     At the time in question, Plaintiff Robert R. Talley was induced to accept the Territory Manager position through an "Offer of Employment" correspondence which outlined the terms for the position.

5.     At the time in question, Plaintiff Robert R. Talley, in part, was hired because of his vast knowledge, expertise and contacts with the area in question which was a new area of business for Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

6.     Thereafter, Plaintiff Robert R. Talley successfully met the conditions or terms of employment for the Territory Manager position, including receiving an award in May of 2006 for opening the most new accounts.

7.     However, in June of 2006, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives terminated the employment of Plaintiff Robert R. Talley.

8.     At the time of the termination, the Director of Sales for Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives indicated to Plaintiff Robert R. Talley that he was too old for his position.

## COUNT I - FRAUDULENT INDUCEMENT

9.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through eight (8) as if fully set forth herein.

10.     That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives fraudulently induced Plaintiff Robert R. Talley to accept the Territory Manager position in order to abscond with his vast knowledge, expertise and contacts about the location in question.

11.     That the offer of employment by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives was material and false in its purpose.

12.     That Plaintiff Robert R. Talley relied on the fraudulent offer of employment and he was justified under the circumstances in relying upon it.

13.     That Plaintiff Robert R. Talley was damaged because he relied on the fraudulent offer of employment.

## COUNT II - WRONGFUL TERMINATION

14.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through thirteen (13) as if fully set forth herein.

15.     Plaintiff Robert R. Talley, due to his age, is a member of a protected class pursuant to the West Virginia Human Rights Act, West Virginia Code §5-11-1, *et seq.*

16.     Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives made an adverse employment decision, inconsistent with the West Virginia Human Rights Act, concerning Plaintiff Robert R. Talley.

17.     But for the protected status of Plaintiff Robert R. Talley, the improper adverse employment decision would not have been made by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

18.     That Plaintiff Robert R. Talley was damaged because of the improper adverse employment decision of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

## COUNT III - VIOLATION OF SUBSTANTIAL PUBLIC POLICY

19.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through eighteen (18) as if fully set forth herein.

20.     The conduct of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives constitutes a violation of substantial public policy in accordance with Harless v. First National Bank.  The public policy of West Virginia is to protect those in an inferior position as a result of their age.  In this action, Plaintiff Robert R. Talley was a victim of the discriminatory employment action of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives when it terminated him because of his age.

-4-

21.     Plaintiff Robert R. Talley suffered damages as a result of the discriminatory employment action of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives which are contrary to West Virginia public policy.

## COUNT IV - UNJUST ENRICHMENT

22.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through twenty-one (21) as if fully set forth herein.

23.     That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives must not be permitted unjustly to enrich itself or otherwise receive a windfall at the expense of Plaintiff Robert R. Talley for the retention of his vast knowledge, experience and contacts with the area of responsibility for the Territory Manager position and it must be required to make restitution of or for the retention of this knowledge, experience and contacts.

24.     That such restitution is just and equitable and it involves no violation or frustration of law or opposition to public policy, either directly or indirectly.

25.     That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives is liable to Plaintiff Robert R. Talley pursuant to the equitable doctrine of unjust enrichment.

## COUNT V - TORT OF OUTRAGE

26.    That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through twenty-five (25) as if fully set forth herein.

27.    That the conduct of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives is atrocious, intolerable, and so extreme and outrageous as to exceed bounds of decency.

28.    That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives acted with intent to inflict emotional distress, or acted recklessly when it was certain, or substantially certain, emotional distress would result from its deplorable conduct.

29.    That in doing the acts and omissions complained of, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives, maliciously, deliberately and intentionally caused Plaintiff Robert R. Talley aggravation & inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror, humiliation, shame and worry so as to bring said acts and actions within the concept known as the "tort of outrage," that occurred before and during litigation.

30.     That the emotional distress suffered by Plaintiff Robert R. Talley was so severe that no reasonable person could be expected to endure it.

31.     As a direct, proximate and foreseeable result of the violations of West Virginia law by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives, as stated hereinabove, Plaintiff Robert R. Talley has suffered damages for which he demands Judgment as set forth below.

**WHEREFORE**, Plaintiff Robert R. Talley prays for Judgment against Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives in an amount adequate to compensate him for the damages plead herein, plus punitive damages, pre-judgment interest, post-judgment interest, costs, attorney's fees and for such other relief as this Court or a Jury may deem appropriate.

**Plaintiff Robert R. Talley demands a trial by Jury.**

PLAINTIFF ROBERT R. TALLEY,
By counsel

David R. Barney, Jr., Esquire (W.Va. Bar No. 7958)
Thompson Barney
31 East Second Avenue
Williamson, West Virginia 25661
Telephone: 304.235.4006
Facsimile: 304.235.4006

# OFFICE OF THE SECRETARY OF STATE
### STATE OF WEST VIRGINIA



**Betty Ireland**
**Secretary of State**

Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, West Virginia 25305
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com

# LEGAL NOTICE

Craig Caplan
Caplan Industries, Inc.
6800 Dennett Place
Delta, British Columbia
,   V4G-1N4
Canada

January 2, 2007

Civil Action: 07-C-1

I am enclosing:

| | |
|---|---|
| ___ summons | ___ original |
| ___ notice | ___ affidavit |
| ___ order | ___ answer |
| ___ petition | ___ cross-claim |
| ___ motion | ___ counterclaim |
| ___ interrogatories | ___ request |
| ___ suggestions | ___ demand |
| ___ subpoena duces tecum | ___ default judgement |
| _1_ summons and complaint | ___ complaint |
| ___ 3rd party summons and complaint | ___ notice of mechanic's lien |
| ___ summons returned from post office | ___ suggestee execution |
| ___ certified return receipt | ___ summons and amended complaint |

...ich was served on the Secretary at the State Capitol in her capacity as your statutory attorney-in-fact. According to law, I have accepted
...rvice of process in your name and on your behalf.

*...ase note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name
...d on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's
...orney, shown in the enclosed paper. Please do not call the Secretary of State's office.*

Sincerely,

Vicki Haught
Manager



IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ROBERT R. TALLEY,

      **Plaintiff,**

v.                                             Civil Action No. 07-C-1

CAPLAN INDUSTRIES, INC.,
D.B.A. TASK TOOLS & ABRASIVES,

      **Defendant.**

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Clerk, Circuit Court          David R. Barney, Jr., Esquire
          Putnam County Division      Thompson & Barney
                                             31 East Second Avenue
                                           Williamson, West Virginia 25661

Defendant, Caplan Industries, Inc. d/b/a Task Tools & Abrasives ("Caplan"), by counsel, having filed its Notice of Removal of the above-captioned action with the Clerk of the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. § 1441 *et seq.*, notifies this Court of the removal of this cause of action. Pursuant to 28 U.S.C. § 1446, a copy of the Notice of Removal, with exhibits, is attached hereto as Exhibit 1.

                DEFENDANT, CAPLAN INDUSTRIES, INC.
                D/B/A TASK TOOLS & ABRASIVES

                By SPILMAN THOMAS & BATTLE, PLLC

                _____
                Eric W. Iskra (WV State Bar # 6611)
                Rodney A. Smith (WV State Bar #9750)
                300 Kanawha Boulevard, East
                P.O. Box 273
                Charleston, WV 25321-0273
                (304) 340-3800



IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

**ROBERT R. TALLEY,**

      **Plaintiff,**

**v.**                                             Civil Action No. 07-C-1

**CAPLAN INDUSTRIES, INC.,**
**D.B.A. TASK TOOLS & ABRASIVES,**

      **Defendant.**

## CERTIFICATE OF SERVICE

      I, Eric W. Iskra, hereby certify that service of the foregoing **NOTICE OF FILING OF**

**NOTICE OF REMOVAL** has been made upon the Plaintiff's counsel by placing a copy thereof

in an envelope deposited in the regular course of the United States Mail, with postage prepaid, on

this 29th day of January 2007, addressed as follows:

                    David R. Barney, Jr., Esquire
                    Thompson & Barney
                    31 East Second Avenue
                    Williamson, West Virginia 25661

                                    _____
                        Eric W. Iskra (WV State Bar #6611)

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

STATE OF WEST VIRGINIA,

COUNTY OF PUTNAM, TO-WIT:

     I, DONALD A. WRIGHT, Clerk of the Circuit Court of Putnam County, State of West

Virginia, hereby certify that the foregoing are the original papers, filed within civil action no., 07-C-1,

ROBERT R. TALLEY VS CAPLAN INDUSTRIES INC D/B/A TASK TOOLS & ABRASIVES, in

said Circuit Court.

     Given under my hand and the seal of said Circuit Court, this 22ND day of January 2007.

                                 DONALD A. WRIGHT, Clerk



*Case number:07CV-00067*
                *ROBERT R. TALLEY*                  *vs. CAPLAN INDUSTRIES INC.D/B/A TA*

Line   Date                              Action / Results
   1 01/02/07 CASE FILED/SUMS TO ATTY FOR SERVICE
   2 01/02/07 -LETTER FROM JUDGES OFFICE TO ATTY RE: STATUS OF CASE FOR SCD HG




*C=Chg   D=Del   1-4=Scr   M=Menu   T=Chg Line#   PgUp PgDn P=Prt A=Add I=Image*




STATE OF WEST VIRGINIA
COUNTY OF PUTNAM, SS:

I, Donald A. Wright, Clerk of the Circuit Court of said
County and in said State, do hereby certify that the
foregoing is a true copy from the records of said Court.
Given under my hand and the seal of said Court
this 22 day of January, 2007

Donald A. Wright, Clerk
Circuit Court
Putnam County, W. Va.



2007 JAN -2 PM 3: 45

**STATE OF WEST VIRGINIA**
**TWENTY-NINTH JUDICIAL CIRCUIT**
**N. EDWARD EAGLOSKI, JUDGE**

FILED
WRIGHT, CLERK
CIRCUIT COURT

Putnam County Judicial Building
3389 Winfield Road
Winfield, West Virginia 25213

Telephone:  304/586-0209
Telefax:  304/586-0271

January 2, 2007

David R. Barney, Jr., Esquire
31 East Second Avenue
Williamson, West Virginia   25661

Re:     Robert R. Talley vs. Caplan Industries, Inc.
        Circuit Court of Putnam County, West Virginia
        Civil Action No:  07-C-1
        Case Assignment to Judge Eagloski

Dear Mr. Barney:

Your firm has recently filed the above referenced **lawsuit in** the Circuit Court of Putnam County, West Virginia.  The case has been assigned to **Judge Eagloski.**

We need your assistance in maintaining the time frames established by the West Virginia Supreme Court of Appeals.  In order to move your **case along,** we need to know as soon as possible, the fact that you have obtained service **upon the** defendant (or any of the defendants, if more than one).  You are requested to **inform** this office in writing that service upon the defendant(s) has been achieved.

Upon receipt of your letter, the file will reviewed **and it will** be determined whether there is an immediate need for either a status hearing or scheduling conference.

Thank you in advance for your willing compliance **with this** request.

Sincerely yours,

Kelli J. Wentz
Secretary to N. Edward Eagloski, Judge

/kjw

IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

ROBERT R. TALLEY,

       Plaintiff,

vs.

                               Civil Action No. _O 7 - C - I_____

                               Judge _Eagloski_____

CAPLAN INDUSTRIES, INC.,
d.b.a TASK TOOLS & ABRASIVES,

       Defendant.

## COMPLAINT

    **COMES NOW** Plaintiff Robert R. Talley, by counsel, David R. Barney, Jr.,

hereby asserting his Complaint for damages against Defendant Caplan Industries, Inc.,

d.b.a. Task Tools & Abrasives.  In support thereof, Plaintiff Robert R. Talley states as

follows:

    1.    At all relevant times hereto, Plaintiff Robert R. Talley was and is a

resident of Putnam County, West Virginia.

    2.    At all relevant times hereto, Defendant Caplan Industries, Inc., d.b.a.

Task Tools & Abrasives was and is a Canadian corporation doing business in Putnam

County, West Virginia.

3.     On or about October 3, 2005, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives hired Plaintiff Robert R. Talley as a Territory Manager for an area covering Southwestern Pennsylvania, West Virginia and Southeastern Ohio.

4.     At the time in question, Plaintiff Robert R. Talley was induced to accept the Territory Manager position through an "Offer of Employment" correspondence which outlined the terms for the position.

5.     At the time in question, Plaintiff Robert R. Talley, in part, was hired because of his vast knowledge, expertise and contacts with the area in question which was a new area of business for Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

6.     Thereafter, Plaintiff Robert R. Talley successfully met the conditions or terms of employment for the Territory Manager position, including receiving an award in May of 2006 for opening the most new accounts.

7.     However, in June of 2006, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives terminated the employment of Plaintiff Robert R. Talley.

8.     At the time of the termination, the Director of Sales for Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives indicated to Plaintiff Robert R. Talley that he was too old for his position.

## COUNT I - FRAUDULENT INDUCEMENT

9.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through eight (8) as if fully set forth herein.

10.    That Defendant Caplan Industries, Inc., d.b.a.-Task Tools & Abrasives fraudulently induced Plaintiff Robert R. Talley to accept the Territory Manager position in order to abscond with his vast knowledge, expertise and contacts about the location in question.

11.    That the offer of employment by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives was material and false in its purpose.

12.    That Plaintiff Robert R. Talley relied on the fraudulent offer of employment and he was justified under the circumstances in relying upon it.

13.    That Plaintiff Robert R. Talley was damaged because he relied on the fraudulent offer of employment.

## COUNT II - WRONGFUL TERMINATION

14.    That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through thirteen (13) as if fully set forth herein.

15.    Plaintiff Robert R. Talley, due to his age, is a member of a protected class pursuant to the West Virginia Human Rights Act, West Virginia Code §5-11-1, *et seq.*

-3-

16.     Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives made an adverse employment decision, inconsistent with the West Virginia Human Rights Act, concerning Plaintiff Robert R. Talley.

17.     But for the protected status of Plaintiff Robert R. Talley, the improper adverse employment decision would not have been made by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

18.     That Plaintiff Robert R. Talley was damaged because of the improper adverse employment decision of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives.

## COUNT III - VIOLATION OF SUBSTANTIAL PUBLIC POLICY

19.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through eighteen (18) as if fully set forth herein.

20.     The conduct of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives constitutes a violation of substantial public policy in accordance with Harless v. First National Bank. The public policy of West Virginia is to protect those in an inferior position as a result of their age. In this action, Plaintiff Robert R. Talley was a victim of the discriminatory employment action of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives when it terminated him because of his age.

21.    Plaintiff Robert R. Talley suffered damages as a result of the discriminatory employment action of Defendant Caplan Industries, Inc., d.b.a. **Task Tools & Abrasives** which are contrary to West Virginia public policy.

## COUNT IV - UNJUST ENRICHMENT

22.    That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through twenty-one (21) as if fully set forth herein.

23.    That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives must not be permitted unjustly to enrich itself or otherwise receive a windfall at the expense of Plaintiff Robert R. Talley for the retention of his vast knowledge, experience and contacts with the area of responsibility for the Territory Manager position and it must be required to make restitution of or for the retention of this knowledge, experience and contacts.

24.    That such restitution is just and equitable and it involves no violation or frustration of law or opposition to public policy, either directly or indirectly.

25.    That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives is liable to Plaintiff Robert R. Talley pursuant to the equitable doctrine of unjust enrichment.

## COUNT V - TORT OF OUTRAGE

26.     That Plaintiff Robert R. Talley reasserts and realleges paragraphs one through twenty-five (25) as if fully set forth herein.

27.     That the conduct of Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives  is atrocious, intolerable, and so extreme and outrageous as to exceed bounds of decency.

28.     That Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives acted with intent to inflict emotional distress, or acted recklessly when it was certain, or substantially certain, emotional distress would result from its deplorable conduct.

29.     That in doing the acts and omissions complained of, Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives, maliciously, deliberately and intentionally caused Plaintiff Robert R. Talley aggravation & inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror, humiliation, shame and worry so as to bring said acts and actions within the concept known as the "tort of outrage," that occurred before and during litigation.

30.     That the emotional distress suffered by Plaintiff Robert R. Talley was so severe that no reasonable person could be expected to endure it.

31.     As a direct, proximate and foreseeable result of the violations of West Virginia law by Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives, as stated hereinabove, Plaintiff Robert R. Talley has suffered damages for which he demands Judgment as set forth below.

**WHEREFORE,** Plaintiff Robert R. Talley prays for Judgment against Defendant Caplan Industries, Inc., d.b.a. Task Tools & Abrasives in an amount adequate to compensate him for the damages plead herein, plus punitive damages, pre-judgment interest, post-judgment interest, costs, attorney's fees and for such other relief as this Court or a Jury may deem appropriate.

**Plaintiff Robert R. Talley demands a trial by Jury.**

PLAINTIFF ROBERT R. TALLEY,
By counsel

_____
David R. Barney, Jr, Esquire (W.Va. Bar No. 7958)
Thompson Barney
31 East Second Avenue
Williamson, West Virginia 25661
Telephone: 304.235.4006
Facsimile: 304.235.4006

# SUMMONS

### IN THE CIRCUIT COURT OF PUTNAM COUNTY, WEST VIRGINIA

**Robert R. Talley,**

              Plaintiff,

v.

                                   Civil Action No: _07 - C - 1_

                                   Judge: _Cagloski_

**Caplan Industries, Inc.,**
**d.b.a. Task Tools & Abrasives**

              Defendant.

To the above-named defendant:

**Craig Caplan**
**Caplan Industries, Inc.,**
**d.b.a. Tools Tasks & Abrasives**
**6800 Dennett Place**
**Delta, British Columbia Canada V4G-1N4**

      IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon **DAVID R. BARNEY, JR.**, plaintiff's attorney, whose address is **31 East Second Avenue, Williamson, West Virginia 25661,** an Answer, including any related Counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your Answer within **thirty (30)** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

DATED: _1-2-07_

                                           _Donald a. Wright_
                                         Clerk of Court

## CIVIL CASE INFORMATION SHEET

2007 JAN -2   AM

FILED
WRIGHT, CLERK
CIRCUIT COURT

| PLAINTIFF: **Robert R. Talley**<br>DEFENDANTS: **Caplan Industries, Inc., d.b.a. Task Tools & Abrasives,** | CASE NUMBER:<br>*07-C-1* |
|---|---|

## II.   TYPE OF CASE:

| TORTS | OTHER   CIVIL | |
|---|---|---|
| Asbestos | Adoption | Appeal from **Magistrate Court** |
| Professional Malpractice | Contract | **Petition for Modification of Magistrate Sentence** |
| **Personal Injury X** | Real Property | **Miscellaneous Civil** |
| Product Liability | Mental Health | Subrogation |
| **Other Tort: X** | Appeal of Administrative Agency | Class Action<br>Medical Monitoring |

III.   JURY DEMAND: **Yes**   No

CASE WILL BE READY FOR TRIAL BY *(MONTH/YEAR):* **August 2007**

IV.   DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY OR AGE?   YES   NO IF YES, PLEASE SPECIFY:

Wheelchair accessible hearing room and other facilities
Interpreter or other auxiliary aid for the hearing impaired
Reader or other auxiliary aid for the visually impaired
Spokesperson or other auxiliary aid for the speech impaired
Other: _____

*Attorney Name:* David R. Barney, Jr.
*Firm:*          Thompson Barney
*Address:*        31 East Second Avenue
                 Williamson, West Virginia 25661
*Telephone:*     (304) 235-4006

*Representing:*
Plaintiff

*Dated:* 1/2/07

David R. Barney, Jr.
W.Va. State Bar No. 7958

## MEMORANDUM TO CLERK
## FOR INSTITUTING CIVIL ACTION

To the Clerk of the Circuit
Court of **Putnam** County, West Virginia

**Robert R. Talley,**

|                          |                              |
|--------------------------|------------------------------|
| Plaintiff,               | Civil Action No: $07 - C - 1$ |
|                          | Judge _Gaglaski_              |
| v.                       |                              |
| **Caplan Industries, Inc.,** |                          |
| **d.b.a. Task Tools & Abrasives,** |                  |

|                 | Days to Answer | Type of Service |
|-----------------|----------------|-----------------|
| Defendant.      | 30             | Sec. of State   |

Please issue summons in the above-styled action as indicated
Original and 2 copies of complaint furnished herewith.

_[signature]_

David R. Barney, Jr. (W.Va. Bar No.7958)
**Thompson Barney**
**31 East Second Avenue**
**Williamson, West Virginia 25661**
**Telephone: 304.235.4006**
**Facsimile: 304.235.4009**

Date: 1/2/2007

2007 JAN -2 AM 11:42
DONALD ... FILED
WRIGHT, CLERK
PUTNAM CO CIRCUIT COURT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

**ROBERT R. TALLEY,**

     **Plaintiff,**

**v.**                                         **Civil Action No. _____**

**CAPLAN INDUSTRIES, INC.,**
**D.B.A. TASK TOOLS & ABRASIVES,**

     **Defendant.**

### CERTIFICATE OF SERVICE

     I, Eric W. Iskra, hereby certify that service of the foregoing **NOTICE OF REMOVAL** has been made upon the plaintiff's counsel by placing a true copy thereof in an envelope deposited in the regular course of the United States Mail, with postage prepaid, on this 29th day of January, 2007 addressed as follows:

          David R. Barney, Jr., Esquire
          Thompson & Barney
          31 East Second Avenue
          Williamson, West Virginia 25661

                                          _____
          Eric W. Iskra (WV State Bar # 6611)
          Rodney A. Smith (WV State Bar #9750)
          300 Kanawha Boulevard, East (Zip 25301)
          P.O. Box 273
          Charleston, WV  25321-0273
          (304) 340-3800
          eiskra@spilmanlaw.com