```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA
                  AT CHARLESTON
```

**ROBERT R. TALLEY**

       Plaintiff

v.                                    Civil Action No. 2:07-0067

**CAPLAN INDUSTRIES, INC.**
**D.B.A. TASK TOOLS & ABRASIVES**

       Defendant

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Task Tools & Abrasives' ("TTA") motion to dismiss Count III of the complaint, filed January 30, 2007.

I.

Plaintiff Robert R. Talley is a West Virginia resident. TTA is a Canadian corporation. TTA hired Talley as a Territory Manager. Talley contends that he satisfied all of the conditions of his employment. Talley was ultimately terminated after TTA's Director indicated to him that "he was too old for his position." (Compl. ¶ 8).

On January 2, 2007, Talley instituted this action. He alleges the following claims: (1) fraudulent inducement (Count

I); (2) wrongful termination arising out of age discrimination prohibited by the West Virginia Human Rights Act ("WVHRA"), West Virginia Code section 5-11-1 <u>et</u> <u>seq.</u> (Count II); (3) violation of a substantial West Virginia public policy pursuant to <u>Harless v. First National Bank in Fairmont</u>, 162 W. Va. 116, 246 S.E.2d 270 (1978), arising out of the putative state substantial policy "protect[ing] those in an inferior position as a result of age . . . ." (Count III); (4) unjust enrichment; and (5) intentional infliction of emotional distress.

### II.

A.  Governing Standard

A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." <u>Greenhouse v. MCG Capital Corp.</u>, 392 F.3d 650, 655 (4th Cir. 2004) (quoting <u>Mylan Labs., Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993)). Additionally, the "complaint [is viewed] in the light most favorable to the plaintiff and . . . all well-pleaded allegations" are accepted as true. <u>South Carolina Dept. Of Health And Environmental Control v. Commerce</u>

and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  Further, even beyond the facts alleged, the court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

A complaint need not "make a case" against a defendant or "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Rather, it need only "allege facts sufficient to state elements" of the claim.  Id.; Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (noting complaint must "allege facts sufficient to state all the elements of" a claim)).

As noted by the leading commentators on the Federal Rules of Civil Procedure, "the purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."  5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 2004).

**B.    Analysis**

TTA contends Count III is subject to dismissal inasmuch as "[d]istrict courts in the Southern District of West Virginia . . . have uniformly held that where a statutory scheme provides both a public policy and a cause of action for violation of that policy, a Harless-type action may not be substituted for the statutory cause of action."  (Def.'s Mot. at 2).

TTA is correct in that regard.  See Burgess v. Gateway Communications, Inc.- WOWK TV, 984 F. Supp. 980, 983 (S.D. W. Va. 1997) ("A victim of unlawful discrimination is limited to the remedy afforded him under the West Virginia Human Rights Act . . . ."); Knox v. Wheeling-Pittsburgh Steel Corp., 899 F. Supp. 1529, 1535-36 (N.D. W. Va. 1995); Taylor v. City Nat'l Bank, 642 F. Supp. 989, 998 (S.D. W. Va. 1986) (stating "a party may not bring a Harless-type, tort-based action to gain redress for violations of the West Virginia Human Rights Act."), aff'd, 836 F.2d 547 (4th Cir. Dec. 16, 1987) (mem.); Guevara v. K-Mart Corp., 629 F. Supp. 1189, 1192 (S.D. W. Va. 1986) (stating "a victim of discrimination prohibited by the West Virginia Human Rights Act is limited to a suit under that statute and may not prosecute a so-called Harless-type action.").

Talley has offered no argument to the contrary, having failed to respond to the motion to dismiss.  The court, accordingly, ORDERS that TTA's motion to dismiss Count III of the complaint be, and it hereby is, granted.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: February 26, 2007

John T. Copenhaver, Jr.
United States District Judge